*POLICE JURY vs. HAW & AL.*

APPEAL FROM THE COURT OF THE FIFTH JUDICIAL DISTRICT, THE JUDGE OF THE SIXTH PRESIDING.

One notoriously acting as sheriff may rightfully be entrusted with the collection of the Parish taxes, whether he be sheriff *de jure* or not and his sureties are bound for the faithful performance of his trust.

Sureties who sign a sheriff bond, thereby acknowledge him as sheriff *de facto*, and cannot, for any informality or defect in his appointment be permitted *to deny the capacity* of their principal thus recognized.

F

No legal mortgage exists in behalf of the State, or the Parish on the pro-perty of its collecting officers since the adoption of the Louisiana Code in 1825.

The Parish loses none of its rights against the sureties of its collecting officers, by not enjoining an execution of the State issued against such officers, for arrearages of State taxes.

Parol testimony is inadmissible to shew that another person was to have signed a surety bond, in addition, when the bond itself does not shew the facts, or admit such an inference.

Indulgence given by not suing the principal will not exonerate the sureties, unaccompanied by an express grant of time.

By order of the Police Jury, the Treasurer of the Parish of St. Landry instituted suit against Benjamin S. Haw, late sheriff of said Parish, and his securities Joseph Andres, Luke Lessassier, Eloi Landry and Alexander Robb, on their bond for the amount of the Parish taxes, due for the year 1827, amounting to $3,190. 69, which it was alleged the sheriff had received and failed to pay over to the Parish Treasurer.

Haw, executed a bond the 2d February 1827, condition-ed for the faithful performance of this trust, with the above gentlemen as his sureties. The condition of the bond was alledged to be violated and broken and judgment *in solido* against the sureties for the penalty, demanded, with interest and cost.

The securities in their answer deny their liability under the bond.

1. Because the Sheriff was not authorised to collect the taxes of that year, he not having complied with the formali-ties of the law, by producing the Treasurers receipt for the payment of the taxes of the preceding year, before renewing his bond.

2. That he never took the oaths of office required by law and consequently was not the legal sheriff, nor the collector of the taxes of the Parish.

3. The securities alledge they signed the bond in good faith and were in utter ignorance that these formalties were not complied with.

4. That the bond was not recorded in due time, to give it force and effect as a lien, privilege, or mortgage, by which

neglect, *they* as sureties by the 3030 Article of the New Civil Code on paying the debt of the principal, have lost their right to be subrogated to all the rights, mortgages and privilleges of the creditor.

Western District.
September, 1830.

POLICE JURY
vs.
HAW & AL.

5. Since the date of the bond, Haw, the principal in it, has disposed of a considerable amount of property, then owned and possessed by him, the lien on which is now entirely lost and cannot operate in favor of the sureties, who may be compelled to pay the debt claimed in the petition by reason of the neglect of the Parish to have the said bond recorded in due time. The bond is therefore *void*.

6. That the Treasurer of the State had levied an execution on all Haw's real property and slaves, for the taxes due the state for the year 1826, for which year the Sheriff, Haw gave no bond, and had proceeded to sell the same and apply the proceeds to the deficit of state taxes for that year: and had the bond signed by their securities and now sued, on been recorded in time it would have operated as lien on the property in their favor.

7. The bond is not binding on the sureties because it was never accepted and approved by the board of magistrates as is required by law.

8. That it was understood when these securities signed, there was a blank left to insert the name of Wm. Haslett, who was also to sign as one of the sureties, but which he never did.

9. The police jury of the Parish prolonged the time of paying over the Parish taxes, and neglected to sue the sheriff when they became due and were not paid up; in consequence of such prolongation and neglect the sureties ought to be exonerated.

The defendants pray the bond may be set aside, cancelled and annulled, and they discharged from liability &c.

On the trial the plaintiff offered in evidence the certificate of the Parish Judge " for the purpose of proving that a meeting of magistrates was held in conformity to law for the approval of the sheriff's bond"—which was objected to and

a bill of exceptions taken, on the ground that it was not the best evidence the case afforded. That the book of records containing the proceedings of the meeting of the magistrates when called, was better evidence, and the defentants offered to produce it.

2. The defendants offered to prove by parol evidence that the bond sued on, was signed in blank, and given to Haw, the Sheriff, to procure the signature of Wm. Haslett, who it was agreed, with these defendants; was also to sign with them. The evidence was objected to by the plaintiff, as going to prove something beyond the bond &c. and a bill of exceptions taken.

Judge King, the Parish Judge of the Parish of St. Landry, testifies, that the bond of Haw, and his securities, sued on, was taken, February 2d 1827 and deposited in his office to be recorded on the 12th of the same month ; but was not actually inscribed on his record books, for some months afterwards. But it is also his custom to consider all instruments as of record, from the time they were deposited and put on the files, in his office, and not from the time when they are inscribed in the record books.

The deficit of Haw, occasioned by his failure to pay over the Parish taxes for the year 1827 was fully made out by proof.

There was judgment against the securities *in solido* for $3190. 69 with interest and cost.

*Lewis* for plaintiff ; argued on the following grounds :

The certificate of the Parish Judge is good evidence to prove the *meeting* of the magistrates for the purpose of accepting the sheriff's bond, there being no records of the proceedings of the magistrates ; none being necessary—parol testimony is good to support the Parish Judges' certificate. 3 Mar. N. S. 589 93.

2. Parol evidence to show that the bond was delivered to Haw in blank to procure the signatures of his securities was properly rejected, as going to prove something beyond or

in contradiction of a written instrument. La. Code 2256, 1791, 2233, 3 Starkie Ev. 994—5. 998, 1001, note (r) 1002, note (s) 1005, 1006.

3. The bond sued on was voluntarily executed by defendants who were capable of contracting—none but a legal defect or excuse can avoid it. In whatever manner a person binds himself he shall remain bound. Nov. Recop. Lib. 10 Tit. 1: Ley 1 : 2 Mar. N. S. 681. 3 Mar. 569. : Febrero Ad. Part. 1. Cap. 7. § 5. P. 97 to 105. No. 122 to 128. 1 Porthien on Ob. No. 56. Code Nap. Art. 1120. Mar. Dig. 544.

4. Haw was commissioned as Sheriff, took the oath, and gave bond for the faithful execution of the duties of the office which was sufficient for the Parish to confide the collection of its taxes to him.

But the sureties are stopped from alleging that he was *not Sheriff*, by signing the bond which states and admits he was Sheriff. 2 Mar. N. S. 672.

5. The magistrates Court accepted the security offered by Haw. But here again the securities are stopped from alledging that he was not Sheriff, by executing the bond. No formal or record evidence is necessary to the acceptance of the bond. 12 Wheaton 64. 3 Mar N. S. 589.

6. That Haw was appointed collector of the parish taxes by a resolution of the 4th of December 1826—and is by law *ex officio* collector of the Parish taxes until another is appointed. Acts of 1813. P. 142. § 1.

7. When sureties are not placed in a worse condition by the acts of the creditor they cannot complain : and as the plaintiff had no right of mortgage, they could not subrogate the sureties to one—to all other rights they have a subrogation by operation of law. La. Code Art. 3280. 8 Mar. N. S. 243.

8. In this case the securities are bound *in solido* ; and as to the creditors are *absolutely principals*—and can claim none of the privileges allowed to simple sureties. Civil

Code. 428. Art. 7. La. Code 3014. 2089. Febrero Part. 1. Cap. 1. § 5. No. 126.

9. Judicial sureties cannot demand the plea of discussion, which is allowed to simple sureties. La. Code. 3035. 1 Mar: N. S. 478. 11 ib. 434.

10. Even when the surety is bound by a more onerous condition than the principal, the obligation is not *void*, but only *reducible*. La. Code 3006.

11. The Sheriff's bond was *recorded* in legal acceptation. 1 Cranch 161.

12. The plaintiffs were not bound to enjoin the state executions against Haw, nor required to sue him sooner than they did—the taxes not being due until June 1828, and suit was brought at the next court. Acts 1813, P. 232. §. 13. 8 Mar. N. S. 243. 11 Wheaton 184. 9 ib. 730.

13. The fact that Haslett was to have signed with the other sureties does not appear, and if it did, the act of the others in signing without him will bind them. See authorities cited under 2 head.

*Brownson, Bowen* and *Gayoso* argued *contra.*

1. Suretyship is an accessary promise entered into, to secure the performance of some principal "*valid*" obligation.

2. The principal obligation here is not valid, because forbidden by law. La. Code. Arts. 1887. 8. 9. 1 Mar. Dig. 698. § 4 and 6.

3. The bond sued on is void because the *acceptance* of the appointment of Haw, as sheriff, was not in all things conformable to the *offer*—consequently there was no concurrence of *wills*. La. Code. Art. 1799, 6 Toullier 28. No. 27.

4. There was no principal contract to support the accessory one of suretyship; for Haw was inhibited from contracting the obligation of 1827 by law—for it was then morally impossible for him to give bond. 1 Mar. Dig. 69. § 4. La. Code Art. 1886.

5. The contract of suretyship in this case is void, on ac-

count of *error*. La. Code Art 1832. 1 Toulier. 133. No. 168 :—143. No. 181.

*Mathews J.* delivered the opinion of the Court.

This action is commenced and prosecuted for the purpose of recovering from the defendants the amount of Parish taxes, for the year 1827. It is against the late Sheriff of the Parish of St. Landry and his sureties on a bond taken for the faithful collection of said taxes. The plaintiffs obtained judgment in the Court below from which the defendants appealed.

The grounds of defence on the part of the sureties as delineated in the answer, are as follow.

1. Haw was not legally sheriff for the year 1827.

2. The sureties have lost their tacit mortgage on the property of their principal, in consequence of the neglect of the plaintiffs to have the bond recorded.

3. They illegally suffered his property to be seized and sold to pay the taxes due to the state.

4. That when the appellants agreed to become the sureties of Haw, it was on condition that William Haslett should join them in the bond.

5. Indulgence given to the principal by the plaintiffs.

The obligation was entered into between Haw as sheriff and persons duly and legally authorised to provide for the faithful collection of the Parish taxes for the year specified in the condition of the bond: and whether he was sheriff *de jure* or not, he was the lawful collector of the Parish by appointment or consent of the power whose business it was to see to the collection of these taxes. He was sheriff *de facto*, and, as such, is acknowledged by his sureties in assuming that situation, by signing the instrument of writing wherein they took on themselves the obligation resulting from their agreement, and should not now be permitted to deny the capacity of their principal thus acknowledged.

As to the second means of defence, it is believed, that no legal mortgage remained to the state or Parish on the pro-

One notoriously acting as sheriff may rightfully be entrusted with the collection of the parish taxes, whether he be sheriff *de jure* or not ; and his sureties are bound for the faithful performance of his trust.

Sureties who sign a sheriff's bond, thereby acknowledge him as sheriff *de facto*, & cannot, for any in-

Western District. perty of its collecting officers, having been abrogated by the
September, 1830. Louisiana Code of 1825. This subject came regularly be-

POLICE JURY    fore the Supreme Court in the case of the *state vs. Wright's*
     *vs.*
HAW & AL.    *Administrators*; and the articles of the Code in relation there-
——————————    to, received an interpretation against the pretensions of the
formality or defect present defendants.  See 8 Mar. N. S. 216.
in his appointment
be permitted *to*    The third ground of defence seems to us to be wholly
*deny the capacity*
of their principal untenable.  Why the Parish should lose its rights against
thus recognized.
No legal mort- the sureties of Haw, evidenced by a solemn written obliga-
gage exists in be-
half of the state, tion, because its officers did not interfere in any or every
or the parish on
the property of its pursuit made by third persons against him, we are totally at
collecting officers a loss to imagine.
since the adoption
of the Louisiana    On the fourth mean of defence, a bill of exceptions arose
Code in 1825.
The parish los- in the Court below to the opinion of the judge by which
es none of its
rights against the testimony was rejected, offered in its support.
sureties of its col-
lecting officers, by    It is stated that the officers of the Parish agreed to take
not enjoining an
execution of the as sureties the persons who signed the bond on which the
state issued a-
gainst such officers present action is founded, and another, viz: Haslett; but the
for arrearages of bond was deposited with the Parish Judge, without the addi-
state taxes.
Parol testimony tional signature; and although perhaps not regularly accept-
is inadmissible to
shew that another ed at the time of its execution, the obligees by this suit have
person was to have clearly demonstrated their will to accept it, without the ad-
signed a surety
bond, in addition, dition of Haslett name.
when the bond it-
self does not shew    The instrument itself affords no evidence whatever that
the fact, or admit
such an inference. he was to have become a co-obligor, or any indication that
Indulgence giv- the applicants did not agree to bind themselves without him.
en by not suing
the principal will It appears by the testimony that Haw was entrusted to pro-
not exonerate the
sureties, unaccom- cure the signatures of his sureties; and if he violated any
panied by an ex-
press grant of confidence placed in him by them individually, in delivering
time.
                    the bond without Haslett's signature, his want of good faith
                    in that respect ought not to be visited on the Parish, the offi-
                    cers of which seem to have finally accepted of less security
                    than was in the first instance offered. The evil effects of
                    this conduct (if they exist) must fall on the party confiding—
                    viz: the signers of the bond.  We are of opinion that the

testimony was properly rejected and consequently this ground of defence fails.

The indulgence given by the plaintiffs, in not immediately prosecuting their action, unaccompanied by an express grant of time to the principal, has not the effect to destroy the obligations of the sureties.

It is therefore ordered, adjudged and decreed that the judgment of the District Court be affirmed with costs.