No. 272.—MATTIE M. HENDERSON, Executrix *v.* WALMSLY & Co. et al.

Parol evidence is inadmissible (except to prove fraud) to contradict the judicial records of a court. 3 An. 619; 12 An. 349.

APPEAL from the Tenth Judicial District Court, parish of DeSoto. *Levisee,* J. *S. L. Taylor* and *Jas. S. Ashton,* for plaintiff and appellee. *Elam & Wimple,* for defendants and appellants.

This case was tried by a jury in the court below

LUDELING, C. J. It appears from the record, that in 1865, Walmsly & Co. instituted suit against Mattie M. Henderson, executrix, for twenty bales of cotton, which he alleged were worth $4500; that a writ of sequestration was issued in said suit and twenty bales of cotton were seized under the writ. The sheriff's returns show that the cotton sequestered was appraised at $4000. The defendant in that suit having failed to bond the property, Walmsly & Co. executed their bond for $4000, according to law, and took the cotton sequestered out of the possession of the sheriff. Walmsly & Co. failed to prove their right to said cotton, and there was judgment in their favor for only one hundred dollars.

The present suit is on the delivery bond of Walmsly & Co. given for the cotton sequestered.

The defense is, that the cotton claimed in the sequestration suit was delivered by Mattie M. Henderson, executrix, five thousand pounds thereof before, and the balance after the suit was instituted, and that they received only nine bales of cotton under the sequestration.

On the trial of the cause, the defendants offered one Gooch (who is surety on the bond upon which this suit is brought) as a witness, to prove that only nine bales of cotton had been received under the sequestration and delivered to defendants, Walmsly & Co., to which the plaintiff objected on the ground that parol evidence was inadmissible to contradict the judicial records of the court; the objection was overruled, the evidence was received, and a bill of exceptions to this ruling was reserved.

The principle is elementary that the judicial records of a court can not be contradicted by parol evidence except to prove fraud.  1 Gen'l

Ev., Nos. 275, 282 to 284; 1 Phil. on Ev., 548; 2 La. 48; 4 N. S. 176; 3 An. 619; 12 An. 349. The evidence should have been excluded. But even though the testimony of Gooch were in the record properly, it could not outweigh the judicial admission of Walmsly & Co., sworn to, to obtain the writ of sequestration, the returns of the sheriff and the recitals in the delivery bond signed by Walmsly and the witness, Gooch. There are other bills of exceptions in the record, which we consider unimportant to decide in this case.

We think the evidence in the record justifies a judgment in favor of the plaintiff for the amount of the bond, with legal interest from judicial demand.

It is therefore ordered and adjudged that the judgment of the district court be avoided and reversed, and that the plaintiff have judgment against Walmsly & Co., and W. D. Gooch, defendants, *in solido*, for the sum of four thousand dollars, with five per centum per annum interest from the seventeenth day of May, 1866, and the costs of courts.